## DICK ROBINSON *v*. THE STATE.

THEFT — EVIDENCE. — It being proved in a case of theft that the accused had disposed of the stolen property some time before his arrest, he proposed to

prove the explanation of his possession given by him when arrested *Held*, that the explanation was not *res gestæ*, nor otherwise competent evidence for the defense.

APPEAL from the District Court of Austin. Tried below before the Hon. L. W. MOORE.

The accused, very soon after the theft of the stolen oxen and ten days or more before his arrest, exchanged them to the principal state's witness.

The jury, finding him guilty, allotted him three years in the penitentiary.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State, cited 1 Greenl. on Ev., sec. 108; *Johnson* v. *The State*, 1 Texas Ct. App. 130; *Harmon* v. *The State*, *ante*, p. 51; and *Robinson* v. *The State*, *ante*, p. 256.

WINKLER, J. It is stated, in a bill of exceptions set out in the record, that the accused desired to prove by a witness who went with a *posse* to arrest the accused that the accused stated, at the time of his arrest, how he got possession of the property he is accused of having stolen, "saying that he had bought them;" which he was not permitted to do, and to the ruling of the court a bill of exceptions was taken. This ruling of the court is attempted to be set up as a ground for new trial, and the overruling of the motion for a new trial, in connection with the ruling complained of in the bill of exceptions, is assigned as error.

It is not shown that the evidence offered was of a character to be considered as a part of the thing done — the *res gestæ* — in such a manner as to entitle the statements to be treated as verbal acts so intimately connected with the act of taking the property as to constitute a part of the transaction, nor that the accused was in possession of the prop-

erty at the time he claims to have made the statement. We know of no rule of law that was violated, or any legal right of the accused that he was deprived of, by the ruling complained of, coming in the shape stated.

The specific proof he offered to make was that he said, at the time of his arrest, that he had bought the oxen; without stating when, where, or from whom he had made the purchase. And, if the statement were in fact true, the fact was susceptible of proof by producing the person from whom the purchase was made. We see no error in excluding the statement; yet we are of opinion the testimony might have been admitted without its having any material bearing on the verdict. It is not perceived that, taking this statement in connection with the other evidence adduced on the trial, it could possibly have effected a different result.

The charge of the court, whilst it may be considered laconic, yet seems to have been correct. Counsel for the accused, however, seems to have not so considered it, and asked of the court two additional instructions — one on circumstantial evidence, and the other as to the burden of proof, the presumption of innocence, and reasonable doubt; both of which were given without change or modification by the court. The jury, being so instructed, returned a verdict of guilty, and from the evidence they could not well have done otherwise. The court before whom the trial was had refused to grant a new trial; in which we find no error.

*Affirmed.*